NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-965
23-P-966

E.J.

vs.

S.S. (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On March 14, 2023, the plaintiff (husband) obtained a separate ex-parte abuse prevention order under G. L. c. 209A against each defendant, one his father-in-law and the other his mother-in-law.  At the time, as the husband acknowledges, he was engaged in a contentious divorce with the defendants' daughter.

The ten-day extension hearing was scheduled for March 27, 2023, but it was continued to April 6, 2023.  At that hearing, the judge did not extend the orders, but terminated them.  The husband has appealed.  Because the two cases were heard together, we address both appeals in this single decision.

---

[1] E.J. vs. R.B.

At trial, the judge had before her the husband's original affidavit and heard testimony from the husband, who was the only witness. The husband also entered several videos of interactions with one or the other of the defendants, which we have reviewed ourselves.

As relevant here, the prerequisite for the extension of each protective order under § 209A is that the plaintiff be placed "in fear of imminent serious physical harm." G. L. c. 209A, § 1 (b). In this case, the husband presented the judge with evidence of a number of events that he asserted put him in fear of imminent physical harm. The details of them are well-known to the parties, but, in brief, he testified that the father-in-law had told him that he owned guns, and that he would not be afraid to use them on the husband. This conversation took place prior to the separation between the husband and the wife. The husband testified that the defendants had tracked his movements by registering his license plate number to an E-ZPass account to which they, and not he, had access. He testified to being pushed by the mother-in-law during a custody transition involving his daughter, and he submitted videotape of this interaction, which is ambiguous as to touching, but which certainly shows his mother-in-law blocking the camera that the husband was using to film the transition. Finally, he testified to returning home one day after picking up his daughter to see

the mother-in-law's car parked across the street of his home, allegedly inexplicably. He testified that the father-in-law, who was driving the vehicle, intentionally drove into his vehicle. A videotape taken immediately after this alleged action was admitted, in which the husband can be heard asserting that the father-in-law's car hit his own, but in which no moment of contact is shown. Finally, the husband submitted a further video from that interaction in which while in his car, the husband approaches the car being driven by the father-in-law, and through his own open window, asks the father-in-law what he is doing there and to roll down his window. The father-in-law can be seen sitting in the car laughing, rather than responding in any other way.

The judge ruled from the bench, saying, "I do not credit the plaintiff's testimony under oath that he is in [imminent] or immediate fear of his safety with regards to either of the two defendants. In making this finding, I am relying heavily on the plaintiff's own evidence, that being the video that he took contemporaneously with the event that he is relying upon."

The husband argues that the court, in denying his request to extend the 209A abuse prevention order, failed to make specific findings. He notes correctly, however, that "where [the appellate court is] able to discern a reasonable basis for the order in the judge's rulings and order, no specific findings

3

are required." G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2013). Whether the judge's explanation amounts to a "specific finding" within the meaning of our case law or not, it certainly provides a reasonable explanation for denial of the order.

Because it is a finding of fact based at least largely on the testimony of the husband, our review is deferential. Having not seen the witness, we are in no position to assess his credibility at the hearing. Thus, we may reverse the finding only if it is clearly erroneous. Millenium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636 (2010). The husband does not argue that this finding was clearly erroneous, nor, having viewed the documentary and video evidence, do we conclude that the judge was compelled to find otherwise.

To be sure, the judge after her ruling then went on to criticize the father for narrating in front of his child, who was in his back seat, the video in which he approached the other car with its windows rolled up; the judge concluded that narration was designed either to taint the child's view of the situation, or to gather evidence for the upcoming divorce trial.

But this commentary was not, on its own, the basis for the denial of the extension order. At most, it was articulated as a subsidiary finding that the judge was saying supported her conclusion about the husband's subjective fear. While we may or may not agree with that finding, it is not clearly erroneous.

4

The husband also argues that this focus on his own words and actions was improper when the judge should have been looking at the words and actions of the defendants, his in-laws. However, since the judge was explaining her determination that the husband was not subjectively in fear, the examination not only of the events he alleged, but of his own words and conduct surrounding those events, was proper.

Because, at the end of the day, the decision below rests upon a finding of fact that the husband does not even contend is clearly an error, we allow the defendants' requests for fees and costs. See Avery v. Steele, 414 Mass. 450, 455 (1993).

The judgment in each of the two cases is affirmed.

So ordered.

By the Court (Rubin, Hand & Brennan, JJ.[2]),

Clerk

Entered:  December 4, 2024.

---

[2] The panelists are listed in order of seniority.